UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Joyce Cho | Christopher Yoo |

**Proceedings:** **DEFENDANTS JPMORGAN CHASE BANK, N.A.'S AND CALIFORNIA RECONVEYANCE COMPANY'S MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, FOR MORE DEFINITIVE STATEMENT.** (filed 10/20/09)

**I.    INTRODUCTION & BACKGROUND**

On September 4, 2009, plaintiff Eun Kyung Yoo filed the instant action against JPMorgan Chase Bank, N.A. ("Chase"); California Reconveyance Company ("CRC"); and Does 1 through 10 (collectively "Defendants") in Los Angeles County Superior Court alleging claims for: (1) violation of Cal. Fin. Code § 4973; (2) negligence; (3) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et. seq.; (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601; (5) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (6) declaratory relief; and (7) injunctive relief.

Plaintiff alleges that on January 23, 2007, she entered into a loan agreement and a home equity line of credit loan (together referred to as the "Subject Loan") with Washington Mutual Bank, F.A. ("WaMu") to purchase property located at 13046 Woodbridge Street, Studio City, California 91504 ("Subject Property").[1] Compl. ¶¶ 1, 7.

---

[1] Defendants request that the Court take judicial notice of seven documents that are matters of public record: (1) the grant deed on the subject property dated January 3, 2007 and recorded on January 16, 2007 with the Los Angeles Country Recorder's Office; (2) the deed of trust on the subject property record January 23, 2007; (3) the deed of trust on property located at 3397 Wrightwood Drive, Studio City, CA 91604, recorded January 23, 2007; (4) the assignment of deed of trust on the subject property dated June 1, 2009

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

The subject loan was for: (1) $708,000.00, with an adjustable 7.233% interest rate; and (2) $88,490, with an adjustable 8.75% interest rate.[2]  Id.  Plaintiff further alleges that on January 23, 2007, she executed a deed of trust conveying the subject property to CRC as trustee to secure payment of the note to WaMu.  Id. ¶ 8.  According to plaintiff, WaMu was subsequently purchased by Chase.  Id. ¶ 7.

     Plaintiff failed to keep the subject loan current and a notice of default was recorded on June 3, 2009.  Req. for Jud. Notice, Ex. 5, 2-3.  The notice of default states that as of June 1, 2009, the plaintiff was $12,234.64 arrears in payment and that plaintiff was required to contact Chase to make payments in order to avoid foreclosure.  Req. for Jud. Notice, Ex. 5, 2-3.  A notice of trustee's sale was recorded on September 9, 2009.  Req. for Jud. Notice, Ex. 6, 1-3.  Under the notice of sale, the subject property was set for public auction on September 24, 2009 and indicated the unpaid loan balance of $767,595.99.  Req. for Jud. Notice, Ex. 6, 2.

     On October 13, 2009, defendants Chase and CRC timely removed this case on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1441.  On October 20, 2009, defendants filed a motion to dismiss the complaint and a request for judicial notice in support of the motion to dismiss.  On November 27, 2009, plaintiff filed an opposition.  On November 30, 2009, defendants filed a reply to support the motion to dismiss and a request for judicial notice.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

---

and recorded June 3, 2009; (5) the notice of default on subject property dated June 1, 2009 and recorded June 3, 2009; (6) the notice of trustee's sale dated September 4, 2009 and recorded September 9, 2009; and (7) the purchase and assumption agreement dated September 5, 2008.  Req. for Jud. Notice, Ex. 7, Section 2.5.  Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record."  Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986).  The Court GRANTS Chase's request for judicial notice.

    [2] Plaintiff alleges a second loan that was secured by a deed of trust encumbering the subject property.  However, it appears that the deed of trust referenced in Exhibit 3 under Request for Judicial Notice encumbers property located at 3397 Wrightwood Drive, Studio City, CA 91604, rather than the subject property located 13046 Woodbridge Street, Studio City, CA 91604.  See Req. for Jud. Notice, Ex. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

## II.     LEGAL STANDARD

### A.     Motion To Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

    **B.**    **Motion For More Definite Statement**

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Furthermore, a motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

**III.**    **DISCUSSION**

Defendants move to dismiss plaintiff's complaint for failure to state a claim for relief. Alternatively, defendants move for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

    **A.**    **12(b)(6) Motion to Dismiss**

        **1.**    **Plaintiff's Alleged Cal. Fin. Code § 4973 Violation**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

     Plaintiff alleges that defendants violated California Financial Code § 4973(k) because plaintiff's loans did not contain the required "Consumer Caution and Home Ownership Counseling Notice," and that plaintiff is entitled to rescind the loan transactions for lack of compliance with California Financial Code § 4973.[3]  Compl. ¶ 14. Plaintiff alleges that Chase originated the loans for purchase of the subject property without verifying plaintiff's ability to make scheduled payments.  Compl. ¶ 13.

     Defendants argue that they did not violate California Financial Code § 4973 for several reasons.  First, defendants argue that California Financial Code § 4973 does not require verification of "plaintiff's ability to afford the loan."  Mot. at 3.  Second, defendants argue that California Financial Code § 4973 applies only to "a person who originates covered loans" and that it was WaMu who originated the loans, not Chase.  Id. Third, defendants argue that California Financial Code § 4973 applies only to "covered

---

   [3] California Financial Code § 4973 provides:

> A person who originate covered loans shall not make or arrange a covered loan unless at the time the loan is consummated, the person reasonably believes the consumer, or consumers, when considered collectively in the case of multiple consumers, will be able to make the scheduled payments to repay the obligation based upon a consideration of their current and expected income, current obligations, employment status, and other financial resources, other than the consumer's equity in the dwelling that secures repayment of the loan . . .The consumer shall be presumed to be able to make the scheduled payments to repay the obligation if, at the time the loan is consummated, the consumer's total monthly debts, including amounts owed under the loan, do not exceed 55 percent of the consumer's monthly gross income, as verified by the credit application, the consumer's financial statement, a credit report, financial information provided to the person originating the loan by or on behalf of the consumer, or any other reasonable means.

Cal. Fin. Code § 4973.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

loans"[4] in the case of a mortgage or deed of trust, and that plaintiff has failed to allege that the subject loan is a "covered loan."[5]

---

[4] California Financial Code § 4973(b) defines a "covered loan" as follows:

> [C]onsumer loans secured by real property located in California which is or is intended to be the principal residence of the borrower, consisting of one to four residential units, in which the original principal balance does not exceed the most current conforming loan limit for a single family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following two conditions are met:
>
> (1) the annual percentage rate for a mortgage or deed of trust at the consummation of the transaction will exceed by more than eight percentage points the yield on treasury securities having comparable periods of maturity; or
>
> (2) the total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6% of the total loan amount.
>
> "Consumer loan" is defined as a consumer credit transaction that is secured by real property located in California which is used or intended to be used as the principal dwelling of the consumer, improved by a one to four unit residential structure. "Consumer loan" does not include a reverse mortgage or open line of credit or a bridge loan.

California Financial Code § 4973(b).

[5] Defendants assert that plaintiff cannot allege that the subject loan is a "covered loan" because the subject loan for $708,000 exceeds the most current conforming loan limit for a single family first mortgage loan established by the Federal National Mortgage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

      Plaintiff responds that there is no requirement under California Financial Code § 4973 that defendant must "verify plaintiff's ability to afford the [l]oan." Opp'n at 2. Plaintiff argues that Chase is responsible as an originator of the loan because Chase acquired the assets and liabilities of WaMu when it purchased WaMu. Id. at 3. Plaintiff further argues that she is not required to allege that the loans are "covered loans" or that she is "ready, willing, and able to pay any funds to rescind the loans." Id.

      Defendant replies that Chase's agreement for the purchase of WaMu indicates that Chase "did not acquire any liability in connection with WaMu's lending activities, including the issuance of the subject loans" and thus, Chase is not a proper party to this suit.[6] Reply at 4.

      Here, plaintiff fails to allege that California Financial Code § 4973 applies to Chase because it did not assume any liability in connection with WaMu's loan to plaintiff. Furthermore, plaintiff fails to allege that the subject loan was a "covered loan" because the subject loan exceeds the most current conforming loan limit of $417,000 for a single family first mortgage loan established by the Federal National Mortgage Association pursuant to California Financial Code § 4973.[7] Thus, the Court concludes that plaintiff

---

Association.

    [6] Section 2.5 of the purchase and asset agreement states in relevant part:

> Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief. . . or to any loan made by a third party in connection with a loan which is or was held by the Failed bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank.

Req. for Jud. Notice, Ex. 7, Section 2.5.

    [7] Effective January 1, 2006, the $250,000 maximum loan limit was increased to $417,000 as established by the Federal National Mortgage Association. Mot. at 4 (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

fails to state a claim for violation of California Financial Code § 4973, and thus grants dismissal of this claim.

### 2. Plaintiff's Alleged Negligence Claim

Plaintiff alleges that Chase had a "duty of care to Plaintiff to provide prudent, professional, advice and counsel and to provide Plaintiff [sic] with a legal prudent, proper, and affordable loan." Compl. ¶ 20. Plaintiff alleges that Chase breached that duty to plaintiff "by providing her with a very high interest rate, subprime and usurious loan, laden with excessive costs and fees." Compl. ¶ 21. Plaintiff alleges that defendants also breached that duty by violating California Financial Code §4973 and California Business & Professions Code §17200. Compl. ¶ 21. Plaintiff alleges that "[d]efendants' breaches actually and proximately caused damages to plaintiff in the form of fees, costs, interest and attorney's fees" and proximately caused plaintiff "to no longer be able to make payments under the loan." Compl. ¶ 22. Plaintiff further argues that defendant was "unjustly enriched by said fees, costs, and interest." Compl. ¶ 23.

Defendants assert that because it did not originate the loans, it owes no legal duty of care to plaintiff. Mot. at 5. Defendants argue alternatively, that even if it owed a legal duty of care and could be held liable for WaMu's acts, "plaintiff's claim fails as a matter of law because lenders do not owe a duty of care to borrowers." Id. (citing Nymark v. Heart Fed. Sav. and Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991)).[8]

Plaintiff responds that she is not claiming that the purchase of the home was a bad investment. Opp'n at 3. Plaintiff argues that the holding in the Nymark court regarding the duty of care pertains only to lenders in bad investments, and thus does not apply to plaintiff. Opp'n at 3 (citing Nymark, 231 Cal. App. 3d 1096) (holding that "a lender has

---

AB 901).

[8] The court in Nymark held that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Benham v. Am. Serv. Co., 2009 WL 4456386, *3 (N.D. Cal. Nov. 3, 2009); Nymark, 231 Cal. App. 3d at 1096; Wagner v. Benson, 101 Cal. App. 3d 27, 34-35 (1980); Fox & Carskadon Fin. Corp. v. San Francisco Fed. Sav. & Loan Ass'n, 52 Cal. App. 3d 484, 488-489 (1975).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

no duty to disclose its knowledge that the borrower's intended use of the loan proceeds represents an unsafe investment").

Defendants reply that the Nymark holding applies to plaintiff because it is generally applicable to all lenders. Reply at 4 (citing Nymark, 231 Cal. App. 3d 1096) (holding that "liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'") [internal citations omitted]. Defendants further argue that the holding in Nymark is supported by Price v. Wells Fargo Bank, 213 Cal. App. 3d 465, 476 (1989), which held that under ordinary circumstances, a bank did not owe a fiduciary duty to its depositors.

Here, plaintiff fails to allege that Chase's loan transaction with plaintiff exceeded the scope of its conventional role as a mere lender of money, and that Chase owed a duty of care to plaintiff. See Nymark, 231 Cal. App. 3d at 1096. The Court concludes that plaintiff fails to state a claim for negligence, and thus grants dismissal of this claim.

### 3. Plaintiff's Alleged UCL Claim

To allege a claim for unfair competition, the claimant must allege "an unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. An unlawful act is one "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." In re Pomona Valley Med. Group, Inc., 476 F.3d 665, 674 (9th Cir. 2007) (citing Saunders v. Superior Court, 27 Cal. App. 4th 832, 838 (1994)).

Even if a business practice is not specifically prohibited by another law, it may be deemed unfair or fraudulent. Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999). A business practice is unfair when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Community Assisting Recovery, Inc. v. Aegis Security Ins. Co., 92 Cal. App. 4th 886, 894 (2002). The determination of whether a business practice or act is "unfair" entails an examination of the impact of the practice or act on its victim, balanced against the reasons, justifications and motives of the alleged wrongdoer, weighing the utility of the defendant's conduct against the gravity of harm to the alleged victim. See Ticconi v. Blue Shield of California Life & Health Ins. Co., 160 Cal. App. 4th 528, 539 (2008). A practice that is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

deceptive is necessarily unfair. Blakemore v. Superior Court, 129 Cal. App. 4th 36, 49 (2005). Reliance is an essential element of fraud and is "proved by showing that the defendant's misrepresentation or nondisclosure was 'an immediate' cause of the plaintiff's injury-producing conduct." In re Tobacco II, 46 Cal. 4th 298, 326 (2009) (internal citation omitted). A violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. Schnall v. Hertz Corp., 78 Cal. App. 4th 1144, 1167 (2000). Rather, it is only necessary to show that members of the public are likely to be deceived. Id.

Plaintiff alleges that defendants engaged in unfair business practices by originating the loans for purchase of Subject Property without verifying plaintiff's ability to make the scheduled payments in violation of California Financial Code § 4973 and by attempting to foreclose on the Subject Property. Compl. ¶ 25. Plaintiff alleges that defendants had the "purpose of injuring plaintiff and other competitors and consumers." Compl. ¶ 26.

Defendants argue that plaintiff's claim for violation of UCL lacks merits because plaintiff does not have standing to sue because plaintiff has failed to allege "any purported violation" and "[the] money or property [plaintiff] lost" as a result. Mot. at 7.

Plaintiff responds that she has alleged that she has been "damaged in an amount according to proof" because "she has lost money due to the down payment, closing costs, fees, principal, and interest." Opp'n at 3. Plaintiff argues that she has alleged "other unfair business practices" such as "violations of the Real Estate Settlement Procedures Act and Truth in Lending Act." Id. at 4. Plaintiff further argues that she has alleged that "[d]efendants threaten to and unless restrained, will continue to offer to sell" loans to other purchasers. Id.

In defendants' reply, defendants reiterates the arguments set forth in the moving papers. See Reply at 5.

Here, plaintiff fails to allege an unlawful, unfair, or fraudulent business act or practice because plaintiff has failed to allege a breach or that any breach resulted in damages. Accordingly, the Court concludes that plaintiff fails to state a claim for UCL, and thus dismisses this claim.

### 4. Plaintiff's Alleged RESPA Claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

    RESPA creates a private right of action to redress three types of wrongful acts: (1) payment of a kickback or unearned fees (12 U.S.C. § 2607); (2) requiring a buyer to use a title insurer selected by the seller (12 U.S.C. § 2608); and (3) failure by a loan servicer to give proper notice of a transfer of servicing rights (12 U.S.C. § 2605); see also Connors v. Home Loan Corp., 2008 WL 5214124, *3 (S.D. Cal. Dec. 11, 2008).  A RESPA claim must be brought "within 3 years in the case of a violation of section 2605" and within "1 year in the case of a violation of section 2607 or 2608."  12 U.S.C. § 2614.

    Plaintiff alleges that Chase failed to make appropriate corrections in the account in violation of 12 U.S.C. § 1205(e).[9]  Compl. ¶ 31.

    Defendants argue that plaintiff failed to adequately allege that she sent a qualified written request for corrective action to Chase, pursuant to RESPA.  Mot. at 9.  Defendants argue that plaintiff fails to state a claim for violation of RESPA because

---

[9] Plaintiff alleges the following:

> Chase failed to make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of the correction that includes the name and telephone number of a representative of the servicer who can provide assistance to the borrower; or after conducting an investigation, provide the borrower with a written explanation or clarification that includes a statement of the servicer's reasons for concluding the account is correct and the name and telephone number of an employee, office, or department of the servicer that can provide assistance to the borrower information requested by the borrower, or an explanation of why the information requested is unavailable or cannot be obtained by the servicer, and the name and telephone number of an employee, office, or department of the servicer that can provide assistance to the borrower, within sixty (60) business days of receipt.

Compl. ¶ 31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

plaintiff has failed to allege a breach or that any breach resulted in damages. Id. at 10. Defendants further argue that plaintiff failed to allege any facts supporting a theory that Chase made it a regular practice to ignore the provisions of RESPA. Id.

Plaintiff responds that she is not required to explain how the qualified written request she sent to defendants satisfies the pleading requirements.[10] Opp'n at 4 (citing Lal v. American Home Mortg. Serv., Inc., 2009 WL 3126450, *3 (E.D. Cal. Sept. 24, 2009). Plaintiff further argues that she has alleged that Chase failed to make appropriate corrections to her account, and thus plaintiff suffered a pecuniary loss. Id.

Defendant replies that even if plaintiff has sufficiently pled pecuniary loss, plaintiff still fails to allege that Chase "made it a regular practice to ignore the provisions of RESPA," and thus plaintiff is not entitled to statutory damages under RESPA. Reply at 6.

Here, plaintiff fails to sufficiently plead any facts to show that defendant breached any of the requirements set forth in RESPA, and that a breach resulted in damages. Plaintiff fails to allege how Chase's failure "to make appropriate corrections in the account" violated RESPA, and plaintiff failed to plead any facts to support her assertion that Chase made it a regular practice to ignore the provisions of RESPA. The Court thus finds that dismissal of plaintiff's RESPA claim is appropriate.

### 5. Plaintiff's Alleged TILA Claim

Plaintiff alleges that Chase violated TILA because it failed to disclose material terms of the subject loans and failed to provide the notice of right to cancel.[11] See Compl.

---

[10] Lal holds that "whether Plaintiff's correspondence amounts to a QWR is a question of fact not properly resolved on the pleadings." Lal v. American Home Mortg. Serv., Inc., 2009 WL 3126450, *3.

[11] First, plaintiff alleges that because the actual finance charge of the loan is $1,746,546.40 and Chase "disclosed" a finance charge of $1,223,419.41 that is "understated by more than $100," Chase violated of 12 C.F.R. § 226.18(d)(1). Compl. ¶ 35. Second, plaintiff alleges that Chase violated TILA because the annual percentage rate is 9.907% and Chase "disclosed" an annual percentage rate of 7.272% that is "understated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

¶¶ 33-39. Plaintiff further alleges that defendants are liable to her for actual and statutory damages "not less than $200 in an amount according to proof." Compl. ¶ 39.

Defendants argue that plaintiff fails to state a claim for TILA. First, defendants argue that plaintiff's claim for statutory damages is time-barred pursuant to 15 U.S.C. § 1640(e).[12] Mot. at 11. Defendants argue that plaintiff failed to bring this action by January 2008 because plaintiff did not file the instant action within one year after plaintiff's first and second loans closed in January 2007. Mot. at 11. Second, defendants argue that plaintiff failed to assert facts in support of its TILA claim. Id. Third, defendants argue that plaintiff does not have a right to rescind pursuant to TILA because the first and second loans were purchase money loans, and were thus exempted under 15 U.S.C. § 1635. Id. at 13.

Plaintiff responds that her claim for statutory damages is not time-barred since the home is in foreclosure, and the "right of rescission by recoupment can be used as a defense to foreclosure even after the three-year statute of limitations has passed." Opp'n at 5. Plaintiff argues that she has alleged that the second loan was a home equity line of credit, which is not used for the financing of the acquisition or construction of a home. Id.

In defendants' reply, defendants reiterate the arguments set forth in the moving papers. See Reply at 6-7.

The Ninth Circuit has held that equitable tolling of claims for damages under TILA may be appropriate "in certain circumstances," and can operate to "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." Id. at 914-15. The

---

by more than 1/8 of 1 percentage point," in violation of 12 C.F.R. § 226.22(a)(2),(4). Compl. ¶ 37. Third, plaintiff alleges that because Chase failed to provide two copies of a 3 day notice of right to cancel in violation of 12 C.F.R. §§ 226.17(a)(1), 226.23(b), Chase violated TILA. Compl. ¶ 38.

[12] 15 U.S.C. § 1640(e) provides in relevant part that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

district courts have discretion to evaluate specific claims of fraudulent concealment and equitable tolling and "to adjust the limitations period accordingly." Id. at 915. "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it "is not generally amenable to resolution on a Rule 12(b)(6) motion." Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995). However, when a plaintiff does not allege any facts demonstrating that he or she could not have discovered the alleged violations by exercising due diligence, dismissal may be appropriate. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902-03 (9th Cir. 2003) (dismissing TILA claim and equitable tolling of the claim because plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations).

Here, plaintiff has neither alleged equitable tolling of her claims nor puts forth any facts demonstrating that she could not have discovered the alleged TILA violations by exercising due diligence. See Meyer, 342 F.3d at 902-903. Accordingly, the Court finds that dismissal of plaintiff's TILA claim is appropriate.

### 6. Declaratory Relief

To state a cause of action for declaratory relief under California law, "appropriate facts should be alleged from which the court may determine that an 'actual controversy relating to the legal rights and duties of the respective parties' exists." Alturas v. Gloster, 16 Cal. 2d 46, 49 (1940) (internal citations omitted).

Plaintiff alleges that she seeks declaratory relief because defendants violated "laws in the origination and servicing of her loans." See Compl. ¶ 41.

Defendant argues that plaintiff's claim for declaratory relief is improper because plaintiff is seeking "to redress a past wrong concerning the origination and servicing of her loans" and "there is no occasion to guide the future conduct of defendants and plaintiff." Mot. at 16.

Plaintiff responds that she has sufficiently alleged a claim for declaratory relief because she has alleged "the prejudice to her that results from Defendants' alleged failure to comply with California Civil Code § 2923.5." Opp'n at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

In defendants' reply, defendants reiterate the arguments set forth in the moving papers. See Reply at 8.

Here, plaintiff fails to sufficiently allege an actual controversy relating to the legal rights and duties of the respective parties. The Court thus finds that dismissal of plaintiff's claim for declaratory relief is appropriate.

### 7. Injunction

In order to allege a claim for an injunction, plaintiff must allege facts to demonstrate: (1) a likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage the injunction might cause to the defendant; and (4) the injunction will not disserve the public interest. Production Co. v. Village of Gambell, 480 U.S. 531, 542 (1987); Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transportation Co., Inc., 367 F.3d 1108, 1111 (9th Cir. 2004).

Plaintiff alleges that foreclosure proceedings should be enjoined because of defendant's failure to comply with California Civil Code § 2923.5. Compl. ¶¶ 45-46.

Defendant argues that the notice of default indicates that "[t]he beneficiary or its designated agent . . . has contacted the borrower, tried with due diligence to contact the borrower" as required by California Civil Code § 2923.5 and thus, plaintiff's allegations are without merit. Mot. at 17.

Plaintiff responds that she has alleged that injunction is necessary because defendants failed to notify her regarding foreclosure proceedings. Opp'n at 6. Plaintiff argues that Chase's "failure to include a declaration under penalty of perjury makes the notice of default defective and invalid for the foreclosure proceeding." Id.

In defendants' reply, defendants reiterate the arguments set forth in the moving papers. See Reply at 9.

It appears that plaintiff failed to allege that defendants violated California Civil Code § 2923.5 in her complaint. Furthermore, the Court concludes that plaintiff's assertion that defendants violated California Civil Code § 2923.5 is without merit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7421 CAS (SSx) | Date | December 7, 2009 |
|---|---|---|---|
| Title | EUN KYUNG YOO v. JPMORGAN CHASE BANK | | |

because the notice of default gives plaintiff sufficient notice that plaintiff has defaulted on the loan. Plaintiff fails to show that defendants are liable under any claims asserted in her complaint or that plaintiff will suffer irreparable injury if injunction is denied. The Court thus finds that dismissal of plaintiff's claim for injunction is appropriate.

**B.     Motion For More Definite Statement**

In light of the Court's order dismissing this action, the motion for more definite statement is denied as moot.

**IV.     CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss plaintiff's complaint in its entirety with leave to amend. Plaintiff shall file an amended complaint curing the defect noted herein within forty-five (45) days after the filing of this order. In the event that plaintiff does not amend her complaint within forty-five (45) days, the Court will consider whether it is appropriate to dismiss this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |